FILED
OCT 29 2014
Clerk, U.S. District and Bankruptcy Courts

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Michelle Mellema, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 14-1814 UNA |
| Marie O'Rourke, | ) |
| Defendant. | ) |

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant plaintiff's application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

Plaintiff is a resident of Sacramento, California. She sues the Crime Victims' Rights Ombudsman, which is an office within the Department of Justice's Executive Office for United States Attorneys created to ensure proper implementation of the Crime Victims' Rights Act (CVRA), codified at 18 U.S.C. § 3771. Plaintiff alleges that the Ombudsman "had made a decision to deny me victims [sic] rights in error without judicial review," and she seeks $1 million in damages. Compl. at 2.

Under the doctrine of sovereign immunity, the United States is subject to suit only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538

(1980) (citation omitted); see *Lane v. Pena*, 518 U.S. 187, 192 (1996) (the United States may be sued only upon consent "unequivocally expressed in statutory text[.]"). The CVRA provides:

> Nothing in this chapter shall be construed to authorize a cause of action for damages or to create, to enlarge, or to imply any duty or obligation to any victim or other person for the breach of which the United States or any of its officers or employees could be held liable in damages. Nothing in this chapter shall be construed to impair the prosecutorial discretion of the Attorney General or any officer under his direction.

18 U.S.C. § 3771(d)(6). Hence, plaintiff's claim for damages is barred by sovereign immunity.

Plaintiff also "demand[s] that the court reopen and conclude all the cases I have filed in 5 Federal District courts to ascertain if I am a victim of denial of due process by federal district court judges." Compl. at 2. But this court lacks subject matter jurisdiction to review the decisions of other district courts. *See* 28 U.S.C. §§ 1331, 1332 (general jurisdictional provisions); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995), citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923). Furthermore, plaintiff's alleged status as a victim of court decisions does not establish her standing to sue under the CVRA applicable to victims of crime. *See* 18 U.S.C. § 3771(b)(2)(D) ("For purposes of this paragraph, the term 'crime victim' means the person against whom the State offense is committed or ... that person's family member or other lawful representative."). And "the defect of standing is a defect in subject matter jurisdiction" as well. *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987). Hence, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: October 27, 2014

United States District Judge

2